# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GERALD DEMARSH | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-498 |
| | § | Judge Mazzant |
| JUDGE SHIPMAN and | § | |
| FARMERS INSURANCE COMPANY | § | |

## MEMORANDUM OPINION

Plaintiff Gerald DeMarsh, proceeding *pro se* and seeking to proceed *in forma pauperis*, brings this lawsuit against State District Judge Shipman from Denton County and Farmers Insurance Company.

Plaintiff's complaint, brief, and other documents submitted to the Court are an ambiguous, directionless account of the alleged events; however, a thorough review of the record indicates the following allegations: On February 1, 2013, Plaintiff was involved in an automobile accident in Denton County. It appears that Plaintiff filed suit in state court and Defendant Judge Shipman was the presiding judge. Plaintiff asserts that Judge Shipman failed to schedule his case for a jury trial. Plaintiff files this lawsuit against Judge Shipman for failure to do her duty and schedule his jury trial. Plaintiff sues Defendant Farmers Insurance Company for alleged damages from his automobile accident. However, Farmers Insurance Company is the insurance carrier for the insured Chris Crutcher, who the Court presumes was the other person involved in the February 1st automobile accident.

The Court must now determine whether it has subject matter jurisdiction over this case. Federal subject-matter jurisdiction can arise under either federal question jurisdiction under 28 U.S.C. § 1331, or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. It is the party, in this

case Plaintiff, who asserted the federal jurisdiction, who bears the burden of proof. In order to have diversity jurisdiction, the suit must involve a controversy between citizens of different states. 28 U.S.C. § 1332. On its face, it is clear that Plaintiff's complaint includes one Texas defendant, and therefore jurisdiction does not arise under diversity jurisdiction. In determining if a complaint raises a federal question, the Court must determine if the complaint raises issue of federal law, arising under the Constitution, laws, or treaties of the United States. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Plaintiff has also not asserted a federal cause of action.

Plaintiff does assert that he feels he cannot get a fair trial in the Denton County courts, but even if this were true, that is not a basis for this Court to exercise jurisdiction. The Court would remind Plaintiff that federal courts are courts of limited jurisdiction. Plaintiff has asserted no claim under the United States Constitution nor a claim under any federal statute. Therefore, Plaintiff's case must be dismissed for lack of federal subject matter jurisdiction.[1]

It is therefore ORDERED that Plaintiff's case is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

It further ORDERED that the Clerk is directed to close this civil action.

---

[1] The Court also points out that United States District Judge Ron Clark ordered on August 5, 2014, in 4:14-cv-142 "that until Mr. DeMarsh has paid the full filing fee for this case, the clerk of the court shall seal any further Complaint, Petition, Motion, or other paper filed by Mr. DeMarsh as a new suit, and forward the same to the judicial officer to whom the case is assigned to determine whether the pleading should be struck, or alternatively determined to appear to state facts supporting a claim within the jurisdiction of this court for which relief might, under the law, be granted." (Dkt. #21 in 4:14-cv-142). Judge Clark also found that Mr. DeMarsh was allowed to file his case in 4:14cv142 *in forma pauperis*, that is, without paying a fee, but "[h]e has grossly abused that privilege." *Id.* This case was filed one day prior to Judge Clark's order. However, this case follows the same pattern outlined by Judge Clark.

**SIGNED this 23rd day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE